UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-1907(DSD/RLE)


Guillermo Pinal Trujillo,

        Petitioner,

v.                                  **ORDER**

United States of America,

        Respondent.


This matter is before the court upon petitioner's objections to the report and recommendation of United States Magistrate Judge Raymond L. Erickson, dated September 8, 2005. In his report, the magistrate judge recommended that petitioner's application for habeas corpus relief be dismissed. Following a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation of the magistrate judge in its entirety.


**BACKGROUND**

Petitioner was sentenced on July 20, 2004, by The Honorable Ann D. Montgomery in the District of Minnesota and is currently serving his 135-month sentence at the Federal Correctional Institution in Waseca, Minnesota. Petitioner did not directly appeal his sentence or file a § 2255 motion to challenge the validity of his sentence. See 28 U.S.C. § 2255. Rather, on August 23, 2005, he filed a petition for a writ of habeas corpus under

§ 2241 based on, among other things, the recent United States
Supreme Court decision in United States v. Booker.[1]   See 543 U.S.
220 (2005) (rendering Sentencing Guidelines effectively advisory).


## DISCUSSION

Petitioner objects to the magistrate judge's use of the Rules
Governing Section 2254 Cases in the United States District Courts
("2254 Rules") as a ground to dismiss his petition.   Contrary to
petitioner's objection, Rule 1(b) of the 2254 Rules specifies that
a district court can apply the 2254 Rules to petitions other than
§ 2254 petitions.   See also   Mickelson v. United States, Civ. No.
01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (holding
same).   Therefore, petitioner's objection is without merit.

The magistrate judge correctly noted that the procedural flaw
to petitioner's application for habeas relief is that he cannot
challenge his sentence or conviction through § 2241 "without first
showing that § 2255 would be inadequate or ineffective."   See
Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citing Hill
v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)).   Absent such a
showing, a petitioner "cannot raise, in a § 2241 motion filed in

---

[1]   Petitioner also argues that the factors set forth in 18
U.S.C. § 3553(a) and the availability of the Fast-Track program
warrant habeas relief.   As with petitioner's Booker argument, these
arguments relate to the validity of his sentence and, therefore,
are also procedurally barred for the reasons stated by the
magistrate judge and hereby adopted by the court.

the district of incarceration, an issue which could have been or actually was raised in a § 2255 motion filed in the sentencing" court. Hill, 349 F.3d at 1092. A petitioner cannot claim that the § 2255 remedies are inadequate or ineffective "until he unsuccessfully has attempted to gain relief in the sentencing court by means of a § 2255 petition." DeSimone v. Lacy, 805 F.2d 321, 323-24 (8th Cir. 1986) (per curiam). Procedural barriers, such as a remedy being time-barred, do not render the § 2255 remedies "inadequate or ineffective." Abdullah, 392 F.3d at 959; Hill, 349 F.3d at 1091.

Petitioner has made no attempt to gain relief pursuant to § 2255 and has made no showing that the § 2255 remedies are inadequate or ineffective. When a § 2241 petitioner fails to show that § 2255 is inadequate or ineffective, the district court of incarceration is rendered without jurisdiction to address the § 2241 claim.[2]  See Abdullah, 392 F.3d at 964; Hill, 349 F.3d at 1092. Accordingly, the § 2241 petition is dismissed for lack of jurisdiction.

---

[2]  The magistrate judge further correctly concluded that although the court could construe the § 2241 petition as a § 2255 motion, such a construction would be to no effect because the § 2255 motion would be time-barred and subject to summary dismissal.

**CONCLUSION**

After conducting a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety. Therefore, **IT IS HEREBY ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1] is dismissed.

Dated:  December 21, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court